IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| STACEY BAILEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:11-CV-624 |
| ) | |
| FAIRFAX COUNTY, VIRGINIA, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

THIS MATTER is before the Court on Defendant Fairfax County, Virginia's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6). This case concerns Plaintiff's Title VII claim against her former employer Fairfax County Fire and Rescue Department for employment discrimination and a hostile work environment based on sex. The issue before the Court is whether the Court should grant Defendant's Motion to Dismiss because Plaintiff's Title VII claim is barred by *res judicata* after the Court granted Defendant's motion for summary judgment on Plaintiff's previous § 1983 claim against Defendant for sexual harassment and employment discrimination. The Court denies Defendant's Motion because the transactions involved in Plaintiff's previous § 1983 claim are materially different than those involved in Plaintiff's present Title VII claim, and therefore Plaintiff's Title VII claim is not barred by *res judicata*.

**I. BACKGROUND**

This case concerns Plaintiff's claims of employment discrimination and a hostile work environment based on sex. Plaintiff Stacey Bailey was employed by the Fairfax County Fire and Rescue Department ("Department") from February 2005 until October 2010. (Compl. ¶ 5.)

Plaintiff alleges that, since she began working at the Department, she was subjected to a hostile work environment and sexual harassment by coworkers daily. (*Id.* at ¶ 7.) Despite her transfer to different fire stations after she complained of this abuse, Plaintiff alleges that her coworkers' discriminatory conduct continued until she finally resigned in October 2010. (*Id.*)

On September 15, 2010, Plaintiff filed a complaint in this Court for employment discrimination and a hostile work environment based on sex against Defendant pursuant to the Civil Rights Act of 1866, 42 U.S.C. § 1983 (2006), and the Equal Protection Clause of the Fourteenth Amendment. *See Bailey v. Fairfax County, Virginia*, No. 1:10-cv-1031, 2010 WL 5300874, at *3 (E.D. Va. Dec. 21, 2010). On March 29, 2011, Plaintiff moved to amend her complaint in that action to add her Title VII claim. (Pl.'s Opp. Mem. 1, Dkt. No. 10.) This Court denied Plaintiff's motion for leave to amend the Complaint because discovery had already been completed, and allowing Plaintiff to amend after discovery would have resulted in Defendant's inability to prepare defenses against Plaintiff's additional claim. (*Id.* at 4 n.2.) Defendant subsequently moved for summary judgment on Plaintiff's § 1983 claim on the ground that Plaintiff failed to establish liability against Defendant because Plaintiff failed to produce evidence that her rights were violated pursuant to a policy or custom attributable to Defendant. (Def.'s Mem. Supp. Mot. to Dismiss 1, Dkt. No. 5.) On June 6, 2011, this Court granted Defendant's motion for summary judgment and dismissed Plaintiff's § 1983 claim because Plaintiff failed to prove that Defendant had a persistent or widespread policy of sexual harassment or discriminatory conduct. (*Id.*)

On June 9, 2011, Plaintiff filed her Complaint in this case, asserting a Title VII claim against Defendant, alleging employment discrimination and a hostile work environment based on sex. On July 5, 2011, Defendant filed its Motion to Dismiss, arguing that Plaintiff failed to state

a claim for relief pursuant to Federal Rule of Civil Procedure 12(b)(6) because Plaintiff's Title VII claim is barred by *res judicata*. Plaintiff opposed Defendant's Motion. Defendant's Motion to Dismiss is now before the Court for determination.

## II. STANDARD OF REVIEW

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must set forth "a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). A complaint is also insufficient if it "tenders naked assertions devoid of further factual enhancement." *Iqbal*, 129 S. Ct. at 1949 (citation and internal quotation marks omitted). Because the central purpose of the complaint is to provide the defendant "fair notice of what the claim is and the grounds upon which it rests," the plaintiff's allegations must be supported by some factual basis sufficient to allow the defendant to prepare a fair response. *Twombly*, 550 U.S. at 555 (citation and internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555).

In reviewing a Rule 12(b)(6) motion, a court must construe the complaint in the light most favorable to the plaintiff, read the complaint as a whole, and take the facts asserted therein as true. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). However, "conclusory allegations regarding the legal effect of the facts alleged" need not be accepted. *Labram v.*

*Havel*, 43 F.3d 918, 921 (4th Cir. 1995) (citation omitted). In addition to the complaint, a court may also examine any "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S. Ct. 2499, 2509 (2007).

### III. ANALYSIS

Plaintiff's Title VII claim is not barred by *res judicata* because the transactions involved in Plaintiff's previous § 1983 claim are materially different than those involved in Plaintiff's present Title VII claim, and therefore the Court denies Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6).

A defendant may assert that a plaintiff's claim is barred by *res judicata* in a motion to dismiss. *Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000). "Under *res judicata* principles, a prior judgment between the same parties can preclude subsequent litigation on those matters actually and necessarily resolved in the first adjudication." *In re Varat Enters., Inc.*, 81 F.3d 1310, 1314-15 (4th Cir. 1996) (citations omitted). The doctrine encompasses both claim and issue preclusion. *Id.* at 1315. "[C]laim preclusion provide[s] that if the later litigation arises from the same cause of action as the first, then the judgment bars litigation not only of every matter actually adjudicated in the earlier case, but also of every claim that might have been presented." *Id.* Three elements are required to implicate *res judicata*: (1) the prior judgment was final and on the merits; (2) the parties of both suits are identical or in privity; and (3) both suits are based upon the *same cause of action. Id.* (emphasis added). Whether the claims of the two suits in question are identical is determined by whether the "the claim presented in the new litigation arises out of the same transactions or series of transactions as the claim resolved by the prior judgment." *Pittston Co. v. United States*, 199 F.3d 694, 704 (4th Cir. 1999) (citation and

4

internal quotation marks omitted). "No simple test exists to determine whether causes of action are identical . . . and each case must be determined separately within the conceptual framework of the doctrine . . . ." *Id.* In determining whether a claim is barred under *res judicata*, the Court must also "balance the interests of the defendant and of the courts in bringing litigation to a close against the interest of the plaintiff in not being denied the right to prosecute a valid claim." *Id.*

Here, the Court need not address the first two elements because the parties in this case do not argue that the first and second elements are not met, Plaintiff's prior § 1983 claim was decided by this Court on Defendant's motion for summary judgment and was a final judgment on the merits of Plaintiff's earlier suit. *See Adkins v. Allstate Ins. Co.*, 729 F.2d 974, 976 n.3 (4th Cir. 1984) ("For purposes of *res judicata*, a summary judgment has always been considered a final disposition on the merits."). Further, Plaintiff and Defendant are identically the same parties in both suits. Accordingly, the Court will focus on the third element.

Plaintiff's claims in the previous and present lawsuit are not identical and thus do not constitute as the same cause of action. Plaintiff's previous § 1983 claim required that she prove that the Department had "a policy, custom, or usage that was the moving force behind the alleged" misconduct. Thus, Plaintiff would have had to prove Department policies, ordinances, regulations, governing provisions, or other informal policy decisions that directly commanded the alleged constitutional violations. *Spell v. McDaniel*, 824 F.2d 1380, 1385-86 (4th Cir. 1987). In addition, Plaintiff would have had to establish the requisite causal connection between these policies and customs and the misconduct alleged. *Id.* Accordingly, the "series of transactions" involved in Plaintiff's previous claim were not the transactions of coworkers' misconduct as to her individually but were transactions of the Department's policies encouraging or implementing discriminatory conduct.

In contrast, to establish a Title VII claim for sexual harassment based on a hostile work environment, Plaintiff is required to prove that the offending conduct: "(1) was unwelcome, (2) was based on her sex, (3) was sufficiently severe or pervasive to alter the conditions of her employment and create an abusive work environment, and (4) was imputable to her employer." *Ocheltree v. Scollon Prods., Inc.*, 335 F.3d 325, 331 (4th Cir. 2003) (citations omitted). Plaintiff's burden of proof centers on a showing that, during her employment, she received unwelcomed, severe, and pervasive harassment based on her sex from employees whose conduct was imputable to Defendant. *Id.* at 331. The transactions involved in Plaintiff's Title VII claim involve the allegations of sexual harassment as to her individually, irrespective of the Department's transactions of promoting or facilitating constitutional violations. Plaintiff need not prove a department-wide discriminatory policy or pattern of conduct that rises to the level of a custom, as was required for her previous § 1983 claim. Thus, the Court determines that the transactions involved in Plaintiff's present Complaint are materially different than those transactions involved in her previous § 1983 action against Defendant and do not constitute identical causes of action. Moreover, the Court must balance the interests of the Court and Defendant in bringing litigation to a close against Plaintiff's interest in not being denied her right to prosecute her claim. *Pittston*, 199 F.3d at 704. In doing so, and based on the allegations in this case, the Court finds that the balance of interests in this case weighs in Plaintiff's favor. Accordingly, the Court denies Defendant's Motion because Plaintiff's Title VII claim is not barred by *res judicata*.

## IV. CONCLUSION

For the foregoing reasons, the Court denies Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6). Accordingly, it is hereby

ORDERED that Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) is DENIED.

The Clerk is directed to forward a copy of this Order to counsel of record.

ENTERED this 29th day of September, 2011.

Alexandria, Virginia
9/29/2011

/s/
Gerald Bruce Lee
United States District Judge